IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENAL NELSON,

    Petitioner,                    No. CIV S-08-2146 MCE EFB P

    vs.

D. SISTO, Warden,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus challenging a 2006 denial of parole. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that petitioner failed to exhaust state remedies. For the reasons explained below, the motion must be granted.

    This court has authority under Rule 4 to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for

state procedural default).

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

This action proceeds on the original petition, which alleges that: (1) there was no evidence to support the Board of Parole Hearings' denial of parole; (2) the Board violated petitioner's statutory liberty interest for a parole release date; and (3) ineffective assistance of counsel in violation of petitioner's due process and equal protection rights. Pet. at 5-6. In his petition to the California Supreme Court, petitioner raised substantially similar claims, although he did not raise an ineffective assistance of counsel claim. *See id.*, Ex. B at 3-3B. Petitioner alleged that: (1) there was no evidence to support the Board's denial or parole; (2) the Board denied petitioner his right to a parole release date; and (3) the Board violated his due process and equal protection rights. *Id.*

Petitioner did not include an ineffective assistance of counsel claim in his petition to the California Supreme Court and therefore that claim is unexhausted. While petitioner raised his two remaining federal claims in the petition to the California Supreme Court, respondent contends that petitioner did not fairly present those claims to the state courts, as evidenced by the California Supreme Court's citation to *People v. Duvall*, 9 Cal.4th 464, 474 (1995), and therefore failed to exhaust these claims before filing the instant petition. Resp.'s Mot. to Dism. ("Mot.") at 3-4; *see also* Pet., Ex. C.

////

Under California law, a citation to *Duvall* indicates that a petitioner has failed to allege particular facts that would entitle him to relief and/or failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal.4th at 474.  In *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986), the Court of Appeals for the Ninth Circuit considered a state petition denied with a citation to *In re Swain*, 34 Cal.2d 300, 209 P.2d 793 (1949).  Like *Duvall*, a citation to *Swain* stands for the proposition that a petitioner has failed to state his claim with sufficient particularity.  *Swain*, 34 Cal.2d at 304.   In *Kim*, the court explained that the state court's citation to *Swain* did not necessarily mean that the petitioner failed to exhaust.  *Kim*, 799 F.2d at 1319.

> The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court.  Such a result would defeat the purposes of section 2254.  It is therefore incumbent upon [the federal court], in determining whether the federal standard of 'fair presentation' of a claim to the state courts has been met, independently to examine [the] petition to the California Supreme Court.  The mere citation of *In re Swain* does not preclude such review.

*Id.* at 1320.  Applying the principles set forth in *Kim*, the court must determine whether petitioner has fairly presented his federal claims such that the state court had an opportunity to consider them on their merits.

It appears from the record that petitioner did not submit a copy of a transcript, or any portion of a transcript, of his May 2006 parole hearing, with his petition to the California Supreme Court.  *See* Pet., Ex. B; Mot., Ex. 1.  Petitioner could have alleged his claims with sufficient particularity had he provided the California Supreme Court with such a transcript.  *See, e.g., Garduno v. Bd. of Parole Hearings*, No. 1:08-cv-0973-LJO-BAK-GSA HC, 2009 U.S. Dist. LEXIS 76663, at *9 (E.D. Cal. Aug. 27, 2009) (adopted in full); *Matthews v. Fisher*, No. 1:08-cv-1691-OWW-DLB HC, 2009 U.S. Dist. LEXIS 10968, at *18-19 (E.D. Cal. Feb. 13, 2009), *adopted in full by* 2009 U.S. Dist. LEXIS 25308 (Mar. 27, 2009).  The court therefore finds that the state habeas corpus petition filed in the California Supreme Court did not satisfy the

exhaustion requirement, as it did not fairly present petitioner's claims. *See Duncan*, 513 U.S. at 365. The instant petition must therefore be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was 'obliged to dismiss immediately,' as the petition contained no exhausted claims.")

Accordingly, it is hereby RECOMMENDED that respondent's March 16, 2009, motion to dismiss be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 17, 2010.

/s/ Edmund F. Brennan

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE